UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAID MAJLESSI,<br><br>    Plaintiff,<br><br>    v.<br><br>PUBLIC STORAGE CO., et al.,<br><br>    Defendants. | Case No. 15-cv-02092-KAW<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS; DENYING MOTION TO APPOINT COUNSEL; DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 1, 2, 3 |

Pro se plaintiff Said Majlessi commenced the above-captioned case on May 8, 2015. (Compl., Dkt. No. 1.) He also filed an application to proceed in forma pauperis and a motion to appoint counsel. (IFP App., Dkt. No. 2; Mot. Appoint Counsel, Dkt. No. 3.)

**I.    IFP Application**

The Court has reviewed Plaintiff's application to proceed in forma pauperis and finds that Plaintiff is unable to pay the filing fee. *See* 28 U.S.C. § 1915(a)(1). Plaintiff's application to proceed in forma pauperis is, therefore, GRANTED.

**II.    Motion to Appoint Counsel**

Plaintiff's motion to appoint counsel, however, is DENIED. In general, there is no right to appointed counsel in a civil action. *See United States v. McQuade*, 579 F.2d 1180, 1181 (9th Cir. 1978). But the court, in its discretion, may appoint counsel under 28 U.S.C. § 1915(e)(1) if it finds that there are "exceptional circumstances." *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether exceptional circumstances exist, the court evaluates the plaintiff's likelihood of success on the merits and the plaintiff's ability to articulate his or her claims in light of the complexity of the legal issues involved in the case. *Id.*

In this case, while Plaintiff requests appointed counsel based on his pro se status, "being poverty stricken," and having a severe disability, at this stage in the proceedings, it does not appear that the legal issues in this case are particularly complex or that Plaintiff will prevail on his claims.

For these reasons, Plaintiff has not shown that exceptional circumstances warrant appointment of counsel, and as a result, his motion to appoint counsel is DENIED.[1]  Nonetheless, the Court will refer him to the Federal Pro Bono Project for free limited legal assistance.  Plaintiff may contact the Federal Pro Bono Project by calling the appointment line at (415) 782-8982 or by signing up for an appointment in the appointment book located outside the San Francisco or Oakland Legal Help Center office.  Appointments are held Monday through Friday at various times throughout the day.  Plaintiff can speak with an attorney who will provide basic legal help, but not legal representation.

### III.     Dismissal of Complaint for Failure to State a Claim

Pursuant to 28 U.S.C. § 1915(e)(2), a court "shall dismiss [a] case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." *See* Fed. R. Civ. P. 12(b)(6).  Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  But "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "Threadbare recitals of the elements of a cause of action" and "conclusory statements" are not adequate. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . .  When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

Pro se pleadings are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

---

[1] Depending on how this case progresses, Plaintiff may file a subsequent motion to appoint counsel if he can satisfy the legal standard discussed above.

2

(citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "A pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Estelle*, 429 U.S. at 106 (internal citations omitted).

Plaintiff brings this action against Public Storage and PSCC Insurance Solutions[2] for breach of contract, "neglect," and "lack of service." (Compl. at 1.) The allegations in the complaint allude to a fire, which apparently caused the contents of Plaintiff's storage space "to be showered with filthy nasty water from the second floor as well as the sprinkler in [the] unit." (*Id.* at 2.) It appears that after this incident, Plaintiff submitted an insurance claim, in response to which some unidentified party threatened to auction his property. (*Id.* at 3.) Plaintiff also alleges that a Public Storage employee told him "that there was video and pictures taken as they broke the lock on [his] unit and all that was sent to [him] was one sheet of photo copy of three photos. Two of them pitch black and one showing all [his] expensive clothing spread out in the sun in front of the dumpster." *(Id.)*

As a preliminary matter, the Court notes that even if Plaintiff could state a cognizable claim for relief, the Court may lack subject matter jurisdiction over this action. There does not appear to any basis for federal question jurisdiction. *See* 28 U.S.C. § 1331. Nor does there seem to be any basis for diversity jurisdiction, as the amount in controversy likely falls below the $75,000 threshold. *See* 28 U.S.C. § 1332(a)(1). This alone warrants dismissal of Plaintiff's complaint. *See Majestic Ins. Co. v. Allianz Intern. Ins. Co.*, 133 F. Supp. 2d 1218, 1220 (N.D. Cal. 2001) ("Federal courts have limited subject matter jurisdiction. They are restricted as to what cases they may adjudicate and they may exercise jurisdiction only if it is specifically authorized.").

Even if, however, Plaintiff could allege facts establishing this Court's jurisdiction over this action, the complaint fails to state a claim upon which relief can be granted. Plaintiff asserts claims for breach of contract, "neglect," and "lack of service," but the latter two are not cognizable claims. With respect to the breach of contract claim, Plaintiff has not clearly alleged

---

[2] The Court notes that Plaintiff has also sued these same Defendants in state court, which appears to be the proper forum.

1  whether the claim is asserted against Public Storage, PSCC Insurance Solutions, or both.  Nor
2  has he clearly alleged that each defendant engaged in conduct that violates any agreement
3  between the parties.
4        For the reasons set forth above, Plaintiff's complaint is dismissed with leave to amend.
5  He shall file a first amended complaint within 30 days of this order.  The complaint shall contain
6  consecutively numbered paragraphs as required by Federal Rule of Civil Procedure 10.  Plaintiff
7  is on notice that the first amended complaint will supersede the original complaint, such that it
8  will be treated as nonexistent.  *See Armstrong v. Davis*, 275 F.3d 849, 878 n.40 (9th Cir. 2001),
9  abrogated on other grounds by *Johnson v. Cal.*, 543 U.S. 499 (2005).  For this reason, he shall
10 properly identify the legal and factual bases for all of his claims, free of any reference to any
11 prior complaint, and he shall clearly identify the specific claims asserted against each defendant.
12 *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), overruled on other grounds by *Lacey v.*
13 *Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).  Plaintiff shall allege specific facts pertaining to
14 each defendant under each applicable cause of action.  He shall also allege specific facts that
15 establish this Court's jurisdiction over the case.  Failure to file a first amended complaint within
16 30 days of this order may result in dismissal of this action for failure to prosecute.
17       To ensure that his first amended complaint complies with this order, Plaintiff may wish to
18 contact the Federal Pro Bono Project as discussed above.
19       **IT IS SO ORDERED.**
20 Dated: 06/01/2015

_____
KANDIS A. WESTMORE
United States Magistrate Judge