1

2

3                          UNITED STATES DISTRICT COURT

4                          NORTHERN DISTRICT OF CALIFORNIA

5

6

7    SAID MAJLESSI,                              Case No.: 15-CV-2092 YGR

             Plaintiff,                          ORDER ON PENDING MOTIONS
8

9           vs.                                  Re: Dkt. Nos. 5, 11, 12

10   PUBLIC STORAGE CO., *et al*.,

             Defendants.
11

12

13          On June 1, 2015, an order was entered granting plaintiff Said Majlessi's motion to proceed

14   *in forma pauperis*, denying his motion to appoint counsel, and dismissing his complaint with leave

15   to amend.  (Dkt. No. 5.)  The Court adopts the portions of that order with respect to plaintiff's *in*

16   *forma pauperis* status[1] and his motion to appoint counsel.  The dismissal of plaintiff's complaint is

17   VACATED.  *See* 28 U.S.C. § 636(b)(1)(A).

18          The Court concurs in the conclusion that plaintiff has failed to allege that this Court has

     subject matter jurisdiction over his claims:
19
                        There does not appear to [be] any basis for federal question
20                      jurisdiction.  *See* 28 U.S.C. § 1331.  Nor does there seem to be any
                        basis for diversity jurisdiction, as the amount in controversy likely
21                      falls below the $75,000 threshold.  *See* 28 U.S.C. § 1332(a)(1).  This
                        alone warrants dismissal of Plaintiff's complaint.  *See Majestic Ins.*
22                      *Co. v. Allianz Intern. Ins. Co.*, 133 F.Supp.2d 1218, 1220 (N.D.Cal.
                        2001) ("Federal courts have limited subject matter jurisdiction.  They
23                      are restricted as to what cases they may adjudicate and they may
24                      exercise jurisdiction only if it is specifically authorized.").

25   (Dkt. No. 5).  Federal Courts are courts of limited jurisdiction, unlike state courts.  Here, it appears

26   that the claims should be brought in state court, not federal court.  Because the Court cannot discern

27   _____

28          [1] A separate order directing the Clerk to issue summons shall follow if plaintiff properly
     amends his complaint to allege subject matter jurisdiction, as discussed below.

United States District Court
Northern District of California

United States District Court
Northern District of California

a basis for subject matter jurisdiction based on plaintiff's current pleading, plaintiff is **ORDERED** to amend his complaint to allege subject matter jurisdiction.  The complaint does not appear to bring claims arising under federal law, nor does it allege diversity of citizenship properly.  In particular, plaintiff must address adequately the issue regarding the "amount in controversy."  *See* 28 U.S.C. § 1332(a)(1).  It is insufficient to merely allege a request for "$100,000" on the cover sheet, as this appears to be a case related to goods lost in a fire and plaintiff has also submitted a declaration under penalty of perjury that he qualifies for *in forma pauperis* status.  It is not clear how the loss of goods exceeds $75,000.  Plaintiff must also address the citizenship of the parties so the Court may determine if complete diversity exists.

Accordingly, plaintiff's request for an extension of time to amend his complaint (Dkt. No. 11) is **GRANTED**.  Plaintiff shall file his amended complaint, which shall state with particularity the basis on which plaintiff is invoking the Court's jurisdiction, no later than **December 1, 2015**.

Plaintiff is cautioned that his amended complaint shall not attempt to convert his case into a class action.  (*See* Dkt. No. 11.)  Plaintiff is proceeding *pro se* and cannot represent others without an attorney.

Further, plaintiff's motion to have all hearings held in San Francisco is **DENIED**.  No hearings are currently noticed in this matter and such request is therefore premature.

In light of his *pro se* status, plaintiff may wish to seek assistance from the Legal Help Center, a free service of the Volunteer Legal Services Program, by calling 415.782.9000 x8657 or signing up for an appointment on the 15th Floor of the San Francisco Courthouse, Room 2796.  At the Legal Help Center, plaintiff may speak with an attorney who may be able to provide basic legal help, but not legal representation.  The Court also urges plaintiff to obtain a copy of the Pro Se Handbook, available free of charge from the Court's website (www.cand.uscourts.gov) or in the Clerk's Office.

This Order terminates Docket Nos. 11, 12.

**IT IS SO ORDERED**.

Date: November 5, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**